IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 2:11-cr-00048-MEF |
| | ) | |
| LORETTA FERGERSON | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. Introduction**

Sisters Loretta Fergerson ("Loretta") and Tracey Fergerson ("Tracey") are charged with conspiracy to defraud the government in violation of 18 U.S.C. § 286, tax fraud in violation of 18 U.S.C. § 287, and wire fraud in violation of 18 U.S.C. § 1343. In addition, both are charged with and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and (c)(5). In short, the two are accused of a scheme in which Tracey allegedly provided Loretta with the names and social security numbers of various individuals, and Loretta allegedly used this information to file false income tax returns and obtain fraudulent tax refund anticipation loans from two different banks. Now pending before the court is Loretta's motion to sever (Doc. 27) filed on August 22, 2011. Loretta contends that she should be tried separately from Tracey because the defendants will present mutually antagonistic defenses and, Loretta contends, the evidence in a joint trial is likely to overwhelm and confuse the jury. After careful consideration of the motion and briefs of the parties, the court concludes that the motion to sever is due to be denied.

## II. Standard of Review

Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be charged together "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537-38 (1993); *see also United States v. Magdaniel-Mora*, 746 F.2d 715, 718 (11th Cir.1984) ("To repeat the familiar, persons indicted together ordinarily should be tried together."). The preference for joint trials is particularly strong in conspiracy cases. *U.S. v. Browne*, 505 F.3d 1229 (11th Cir. 2007) ("It is well settled that defendants who are indicted together are usually tried together ... This is particularly true in conspiracy cases."); *see also United States v. Knowles*, 66 F.3d 1146, 1158 (11th Cir. 1995) ("'This court is reluctant to reverse a district court's denial of severance, particularly in conspiracy cases, as generally 'persons who are charged together should also be tried together.'" (string citation omitted)); *United States v. Beale*, 921 F.2d 1412, 1428 (11th Cir.1991) ("The general rule is that defendants charged with a common conspiracy should be tried together."). "The exceptional circumstances justifying a deviation from the rule [of holding joint trials in conspiracy cases] ... are few and far between." *United States v. Lopez*, No. 09–12802, __ F. 3d __, ___, 2011 WL 3570298 at *8 (11th Cir. Aug. 16, 2011).

Rule 14 of the Federal Rules of Criminal Procedure "recognizes that joinder, even

when proper under Rule 8(b), may prejudice either a defendant or the government." *Zafiro*, 506 U.S. at 538.  FED. R. CRIM. P. 14 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

"[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; *see also Browne*, 505 F.3d at 1269 (noting that severance is required only if a "serious risk" exists that a joint trial (1) "would compromise a specific trial right of one of the defendants," or (2) would "prevent the jury from making a reliable judgment about guilt or innocence." (citations omitted)).  "To warrant severance under [Rule 14], the defendant bears a heavy burden in demonstrating [(1)] clear and compelling prejudice" from joinder, (2) that the trial court cannot alleviate the prejudice by means other than severance, and (3) that, absent severance, the defendant will be "'unable to obtain a fair trial.'" *U.S. v. Kabbaby*, 672 F.2d 857, 861 (11th Cir. 1982) (quoting *United States v. DeSimone*, 660 F.2d 532, 539 (5th Cir. 1981)).  Furthermore, "Rule 14 does not require severance [whenever] prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39.

### III. Discussion

Loretta contends that, at trial, she will establish: "(1) she was not involved in, and had no knowledge of, a conspiracy or the criminal activity of her sister Tracey; (2) she did not, knowingly or intentionally, commit any criminal activity and (3) all the alleged criminal activity (i.e. preparation and filing of false tax returns, acquisition of fraudulent information, use of illegally obtained funds) was conducted by Tracey and other uncharged co-conspirators." (Doc. 27 ¶ 3.) Loretta argues that "[s]everance is warranted in this case because, in order to believe [her] defense that she was not involved in, and had no knowledge of, the offenses charged, the jury must necessarily disbelieve her sister Tracey's defense." (*Id.* ¶ 7; *see also id.* at ¶ 2 (arguing that "severance is warranted" because Loretta anticipates presenting a mutually exclusive and antagonistic defense as to her sister")).

However, as Loretta recognizes (Doc. 27 ¶ 5), Rule 14 does not require severance as a matter of law whenever the defendants' intend to present antagonistic defenses. *Zafiro v. United States*, 506 U.S. 534, 538 (1993). Even when antagonistic defenses will be presented at trial, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. "Mutually antagonistic defenses are not prejudicial *per se*." *Id.* at 538. Loretta has failed to demonstrate by evidence or reason why mutually antagonistic defenses pose a serious and unavoidable risk of compelling prejudice in this case. *See Knowles*, 66 F.3d at 1158-59

(noting that, to be entitled to severance, a defendant must demonstrate that without severance, "he was unable to receive a fair trial, and the trial court could afford no protection from the prejudice suffered"). Loretta is not entitled to severance merely because she will present an antagonistic defense at trial.

Loretta further argues that severance is warranted because "each defendant will serve as a second prosecutor to the other co-defendant" (Doc. 27 ¶ 2) and "each defendant will be essentially prosecuting the other." (Doc. 27 ¶ 7). Loretta fails to provide any indication why the mere fact that the defendants will be pointing fingers at each other rises to the level of clear and unmitigable prejudice entitling her to severance. *See Kabbaby*, 672 F.2d at 861. *Cf. Lopez*, No. 09–12802, __ F. 3d at ___, 2011 WL 3570298 at *12 (noting that "harmful evidence being brought out by a codefendant's counsel in cross-examination of witnesses [occurs] in many, if not most, joint trials" and that, "[t]o hold that they constitute cognizable prejudice for severance purposes would go a long way toward making joint trials the exception instead of the rule, contrary to controlling precedent."); *United States v. Blankenship*, 382 F.3d 1110, 1125 (11th Cir. 2004) ("The Supreme Court has held that co-defendants do not suffer prejudice simply because one co-defendant's defense directly inculpates another, or it is logically impossible for a jury to believe both co-defendants' defenses. Aside from pointing out their mutually antagonistic defenses, however, [none of the defendants] have shown how the joint trial prejudiced them in any other legally

cognizable way."). [1]

Because Loretta has offered nothing more than conclusory allegations regarding the likelihood of prejudice if the defendants accuse one another at trial, she fails to satisfy her heavy burden of demonstrating that she is entitled to severance on that bases. *United States v. Hogan*, 986 F.2d 1364 (11th Cir. 1993) (holding that the burden to show that compelling

---

[1] In paragraph 6 of her motion to sever (Doc. 27), Loretta suggests that a severance on the basis of antagonistic defenses is warranted if the jury, in order to believe the core of testimony offered on behalf of one defendant, must necessarily disbelieve the testimony offered on behalf of her co-defendant. In support of this argument, Loretta cites *United States v. Knowles*, 66 F. 3d 1146, 1159 (11th Cir. 1995), a panel decision that at first glance appears to support Loretta's position. However, the rule suggested by Loretta in *Knowles* is directly contrary to the Supreme Court's holding in *Zafiro* that mutually antagonistic defenses do not *per se* require severance. *See Zafiro*, 506 U.S. at 540-41 (rejecting the defendants' argument that mutually antagonistic defenses entitled them to separate trials on grounds that "each accuses the other" and that the jury would therefore conclude "(1) that both defendants are lying and convict them both on that basis, or (2) that at least one of the two must be guilty without regard to whether the Government has proved its case beyond a reasonable doubt."). As another panel of the Eleventh Circuit explained in *United States v. Blankenship*, 382 F.3d 110, 1125 n.27 (11th Cir. 2004):

> Citing several pre-*Zafiro* Eleventh Circuit cases, [*United States v. Cassano*, 132 F.3d 646, 651 (11th Cir. 1998)] states that "[t]he assertion of mutually antagonistic defenses may satisfy the test for compelling prejudice ... [when] the essence of one defendant's defense [is] contradicted by a co-defendant's defense." 132 F.3d at 652 (citing *United States v. Perez-Garcia*, 904 F.2d 1534, 1547 (11th Cir. 1990), *Smith v. Kelso*, 863 F.2d 1564, 1568 (11th Cir. 1989), and *United States v. Berkowitz*, 662 F.2d 1127, 1132-34 (5th Cir. Unit B 1981)) (internal quotations omitted). The *Cassano* court's discussion of mutually antagonistic defenses did not cite *Zafiro* at all, and seems to be simply a reflection of our pre-*Zafiro* policy. We would nevertheless be bound to follow *Cassano* under our prior panel rule, except that in an earlier case, *United States v. Strollar*, 10 F.3d 1574, 1578 (11th Cir. 1994) (marks and citation omitted), we expressly adopted the Supreme Court's *Zafiro* analysis and held that "mutually antagonistic defenses are not prejudicial per se." We further recognized that the best solution in such situations is not severance, but for the trial judge to issue proper limiting instructions. Thus, given this conflict between our 1998 holding in *Cassano* and our 1994 holding in *Strollar* as to whether mutually antagonistic defenses are prejudicial and can warrant severance, we follow our earlier holding, which is luckily in accord with the Supreme Court's pronouncements on the subject. *See Clark v. Housing Auth. of Alma*, 971 F.2d 723, 726 n. 4 (11th Cir. 1992) ("Where circuit authority is in conflict, the earliest panel opinion resolving the issue in question binds this circuit until the court resolves the issue en banc.").

*Strollar* predates not only *Cassano*, but *Knowles* as well.

6

prejudice will result from a joint trial "is a heavy burden, and one which mere conclusory allegations cannot carry").

Additionally, Loretta argues that she "will be prejudiced by the weight and volume of inculpatory evidence against Tracey and it will be impossible for the jury to separate facts as to the co-defendants."  (Doc. 27 ¶ 2.) According to Loretta,

> the same or similar evidence will be presented against both defendants to prove the same charges at trial. The lack of distinct, clear, and uncomplicated evidence as to each separate charge and defendant will mislead and confuse the jury. See [*United States v. Liss*, 265 F.3d 1220, 1228 (11th Cir. 2001)]. Further, this presentation of antagonistic defenses will prevent the jury from making a reliable judgment of guilt or innocence and prevent the jury from making individualized findings as to the guilt or innocence of either defendant. *Zafiro*, 506 U.S. at 539.

(Doc. 27 ¶ 7.)

Apart from the conclusory arguments quoted here, Loretta does not indicate which evidence at a joint trial will be too terribly complicated for a jury to understand, and she does not explain why the trial will "lack ... distinct, clear, and uncomplicated evidence." *Id*. Just as important, she does not explain why limiting instructions will be insufficient to cure whatever confusion may arise from this alleged but unidentified mass of confusing evidence. The test for whether a severance is required is not merely whether the evidence will be complicated.  Rather, as the Eleventh Circuit has stated:

> The test for determining whether compelling prejudice from continued joinder exists is
>
> > (W)hether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow

7

> the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct. In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him? If so, though the task be difficult, severance should not be granted.
>
> *United States v. Zicree*, 605 F.2d [1381, 1389 (5th Cir. 1979)], quoting *Tillman v. United States*, 406 F.2d 930, 935-36 (5th Cir. 1969), *vacated in part on other grounds*, 395 U.S. 830, 89 S.Ct. 2143 (1969).

*Kabbaby*, 672 F.2d 857, 861.  *See also. Liss*, 265 F.3d at 1228 ("Compelling prejudice [from a joint trial] occurs when the jury is unable 'to separately appraise the evidence as to each defendant and render a fair and impartial verdict.' *United States v. Meester*, 762 F.2d 867, 883 (11th Cir.1985)."); *United States v. Francis*, 131 F.3d 1452, 1459 (11th Cir. 1997) ("'[C]autionary instructions to the jury to consider the evidence separately are presumed to guard adequately against prejudice.' *United States v. Gonzalez*, 940 F.2d 1413, 1428 (11th Cir.1991))."

As already noted, a defendant's burden to demonstrate that the jury cannot, with appropriate limiting instructions, sift the evidence and render an impartial, individualized guilt determination "'is a heavy burden, and one which mere conclusory allegations cannot carry.'" *United States v. Francis*, 131 F.3d 1452, 1459 (11th Cir. 1997) (quoting *Hogan*, 986 F.2d at 1375).  Therefore, Loretta's conclusory allegations that the evidence will be unduly complicated, coupled with her failure to address why limiting instructions cannot cure any potential jury confusion, are insufficient to meet this burden.  *See id*.  Thus, the court

concludes that Loretta is not entitled to severance on the basis that the evidence in a joint trial will be too complicated for the jury to render a fair and individualized verdict.

Finally, Loretta argues that "a failure to grant a severance under the facts and circumstances of this case may result in a violation of the Fifth Amendment Due Process Clause of the United States Constitution." (Doc. 27 ¶ 8.) Loretta gives no further specifics as to why her Fifth Amendment right to due process "may" be violated by a joint trial. Because this argument is conclusory, it fails to satisfy Loretta's burden to demonstrate that she is entitled to severance on the basis of a serious risk of violation of a specific constitutional right. *See Zafiro*, 506 U.S. at 539 ("[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants.").

## CONCLUSION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that the motion to sever filed by defendant Loretta Fergerson be **DENIED**. It is further

**ORDERED** that the parties shall file any objections to the this Recommendation by **September 26, 2011**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of

issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 12th day of September, 2011.

                                                 s/ Charles S. Coody
                                                 CHARLES S. COODY
                                                 UNITED STATES MAGISTRATE JUDGE